# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

I, **Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2004-00069** entered in the Superior Court on **01/08/2004**.

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said ~~Cambridge~~ Lowell this 4th day of February, in the year of our Lord 2004



*Michael M Brennan*
Assistant Clerk of the Courts

cvdremlett_1.wpd 2509984 removus erricoc

MAR 0 2 2004

# MICV2004-00069
# Transamerica Commercial Finance Corporation v Campers Inn of Ayer, Inc., et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 01/08/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 02/04/2004 | **Session** | L - Cv time-stan 1 (Lowell) | |
| **Origin** | 1 | **Case Type** | A03 - Commercial paper | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/07/2004 | **Answer** | 06/06/2004 | **Rule12/19/20** | 06/06/2004 |
| **Rule 15** | 06/06/2004 | **Discovery** | 11/03/2004 | **Rule 56** | 12/03/2004 |
| **Final PTC** | 01/02/2005 | **Disposition** | 03/03/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Transamerica Commercial Finance Corporation
Active 01/08/2004

**Private Counsel 218760**
James A G Hamilton
Perkins Smith & Cohen
1 Beacon Street
30th floor
Boston, MA 02108
Phone: 617-854-4000
Fax: 617-854-4040
Active 01/08/2004 Notify

**Defendant**
Campers Inn of Ayer, Inc.,
4 Littleton Road
Service pending 01/08/2004

**Private Counsel 635333**
Wendy M Mead
Kressler & Kressler
11 Pleasant Street
Worcester, MA 01609
Phone: 508-791-8411
Fax: 508-752-6168
Active 02/10/2004 Notify

**Defendant**
Adventure World, Inc.
33 Great Road (Route 2A)
Service pending 01/08/2004

*** See Attorney Information Above ***

**Defendant**
David M Hirsch
539 Longley Road
Service pending 01/08/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/08/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 01/08/2004 | | Origin 1, Type A03, Track F. |

## MICV2004-00069
## Transamerica Commercial Finance Corporation v Campers Inn of Ayer, Inc., et al

| Date | Paper | Text |
|---|---|---|
| 01/08/2004 | 2.0 | Plff's Certificate as to No Liability Insurance. |
| 01/08/2004 | 3.0 | Plff's Ex Parte Application for Temporary Restraining Order and Short Order of Notice, and Application for Preliminary Injunction after hearing. |
| 01/08/2004 | 4.0 | Plff's Ex Parte Motion for Approval of Real Estate Attachment. The within matter is set down for hearing on January 13, 2004 in Lowell at 2:00 PM. (Chernoff, J.) |
| 01/08/2004 | 5.0 | Plff's Motion to appoint Dewsnap and Associates, LLP as Special Process Server. Motion Allowed. (Chernoff, J.) |
| 01/08/2004 | 6.0 | TEMPORARY RESTRAINING ORDER issued; $90.00 fee received from the plff returnable January 13, 2004 at 2:00 PM in Lowell under Prayer One and to show cause why Plff's Ex Parte Motion for Real Estate Attachment should not be allowed. (Chernoff, J.) |
| 02/04/2004 | | Notice of Removal to U.S. District Court for the District of Massachusetts. |
| 02/04/2004 | | Case REMOVED this date to US District Court of Massachusetts. |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/13/2004 | Cv time-stan 1 (Lowell) | Motion/Hearing: prel inj And Real Estate Attachment. Case to be removed to U.S. Dist. Court. Hold for Original Notice of Removal to U.S. District Court. | Event canceled not re-scheduled |

MIDDLESEX, ss.   Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

in testimony that the foregoing is a true copy on file and of record made by photographic process. I hereunto set my hand and affix the seal of said Superior court this 4th day of February, 2004.

Deputy Assistant Clerk

*TRO PRAYER #1*
*CHERNOFF J.*
*1-13-04*
*2:00 pm*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.   SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO. 04-0069

TRANSAMERICA COMMERCIAL )
FINANCE CORPORATION, )
    Plaintiff, )
)
v. )  **VERIFIED COMPLAINT**
)
CAMPERS INN OF AYER, INC., )
ADVENTURE WORLD, INC., and )
DAVID M. HIRSCH, )
    Defendants. )
_____)



```
FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
01/08/04 13:47#0000 2151 CLERK A
JAN 08 2004 CIVIL      240.00
            SURCHARGE   15.00
            SEC         20.00
            TTL        275.00
      TOTAL  275.00
      CHECK  275.00

01/08/04 14:15#0000 2152 CLERK E
TRO         90.00
040069 #
SUBTTL      90.00
TOTAL       90.00
CHECK       90.00
```

**Nature of Action**

This action is brought for the recovery of monetary damages for Defendant Campers Inn of Ayer, Inc.'s breaches of contract, and the other Defendants' breaches of guarantees arising from a financing security agreement.

**Parties**

1.    The Plaintiff, Transamerica Commercial Finance Corporation ("TCFC"), is a duly organized Delaware corporation licensed to do business in Massachusetts. At all times relevant hereto, TCFC has been in the business of financing the purchase of inventories.

2.    The Defendant, Campers Inn of Ayer, Inc. ("Campers"), is a Massachusetts corporation with a principal place of business at 4 Littleton Road, Ayer, Middlesex County, Massachusetts.

3. The Defendant, Adventure World, Inc. ("Adventure"), is a Massachusetts corporation with a principal place of business at 33 Great Road (Route 2A), Shirley, Middlesex County, Massachusetts.

4. The Defendant, David M. Hirsch ("Hirsch"), is an individual residing at 539 Longley Road, Groton, Middlesex County, Massachusetts. Hirsch is also the President of both Campers and Adventure, and the owner of the real estate at the principal places of business of Campers and Adventure.

**Facts**

5. On or about January 17, 2003, Campers entered into an Inventory Security Agreement ("the ISA") with TCFC under which Campers could apply for an extension of credit or advance toward the purchase of inventory. A true and authentic copy of the ISA is appended hereto as **Exhibit A**. Pursuant to the terms of the ISA, Campers granted TCFC a security interest in all of its inventory, including all products and proceeds thereof (hereinafter the "Collateral"), in order to secure the payment obligations of Campers to TCFC.

6. TCFC duly perfected its security interest in the inventory of Campers by virtue of the filing of financing statements. Copies of financing statements filed by TCFC are attached hereto as **Exhibit B**.

7. Pursuant to the ISA, Campers was required to make monthly payments to TCFC on account of inventory Campers received and to repay TCFC from the proceeds of inventory when sold.

2

8. In connection with the ISA, and as an inducement to TCFC to engage in this transaction, Adventure executed a guarantee ("the Adventure Guarantee") of Campers' obligations to TCFC on or about January 17, 2003. A true and authentic copy of the Adventure Guarantee is appended hereto as **Exhibit C**.

9. In connection with the ISA, and as an inducement to TCFC to engage in this transaction, Hirsch executed a guarantee ("the Hirsch Guarantee") of Campers' obligations to TCFC on or about January 17, 2003. A true and authentic copy of the Hirsch Guarantee is appended hereto as **Exhibit D**.

10. Pursuant to the ISA, TCFC has extended credit to Campers in the amount of $1,970,509.72 on inventory described in **Exhibit E** in which TCFC has a security interest.

11. Campers has defaulted on its obligations to TCFC under the terms of the ISA by failing to make payments when due and by failing to receive and hold in trust for and pay to TCFC all sums received from sales of inventory as required in the Agreement.

   a. As of December 29, 2003, Campers owed TCFC $124,066.53 for past due curtailments and $10,353.66 for past due interest;

   b. TCFC has determined that inventory valued in the amount of $171,445.92 (Exhibit E, Invoice no. 3327, a recreational vehicle) has been sold out of trust; and

   c. TCFC is informed and believes that inventory valued in the amount of $190,566.40 (Exhibit E, Invoice no. 26525, a recreational vehicle) has been sold out of trust.

12. Despite repeated demands and reassurance that the funds would be forthcoming, TCFC has received no payments and no proceeds from these sales.

3

13. Campers has further defaulted on its obligations to TCFC by sending a remittance in the amount of $171,445.92 in January, 2004 which was dishonored when first presented for payment.

14. Campers is currently in possession of approximately 59 recreational vehicles owned by TCFC and valued at over $1,600,000.

15. TCFC has fully performed all of its obligations under the ISA.

16. TCFC has made demand under the Guarantees that Adventure and Hirsch pay the sums owed by Campers, but they have failed to do so.

17. As a direct result of the breach of its Guarantee by Adventure, TCFC has suffered substantial damages and will continue to suffer financial damages, including certain consequential losses, costs and expenses.

18. As a direct result of the breach of his Guarantee by Hirsch, TCFC has suffered substantial damages and will continue to suffer financial damages, including certain consequential losses, costs and expenses.

## COUNT I - BREACH OF CONTRACT
### (Campers)

19. Paragraphs 1-18 are incorporated herein and made a part hereof.

20. By virtue of the foregoing, Campers has breached its obligations arising under the terms of the ISA.

21. As a result thereof, TCFC has suffered monetary damage for which Campers is liable, together with interest, costs, late charges and attorneys' fees, as provided for in the ISA.

## COUNT II - BREACH OF GUARANTEE
### (Adventure and Hirsch)

22. Paragraphs 1-21 are incorporated herein and made a part hereof.

23. In breach of its obligations under the Adventure Guarantee, Adventure has failed to make payment due and owing to TCFC.

24. In breach of his obligations under the Hirsch Guarantee, Hirsch has failed to make payment due and owing to TCFC.

25. Under the terms of their Guarantees, Adventure and Hirsch waived any right to notice, demand or presentment.

26. As a result of said breach, TCFC has suffered monetary damages for which Adventure and Hirsch are jointly and severally liable, together with interest, costs, late charges and attorneys' fees.

## COUNT III - REPOSSESSION AND REDELIVERY OF COLLATERAL
### (Campers)

27. Paragraphs 1-26 are incorporated herein and made a part hereof.

28. Pursuant to the terms of the ISA, and pursuant to Massachusetts General Laws Chapter 106, §§9-503 and 9-504, by virtue of the default of Campers under the Security Agreement, TCFC is entitled to immediate repossession of and the right to replevin the Collateral.

29. Pursuant to the provisions of G.L. c. 214, §3, and Mass. R. Civ. P. 65.2, this Court is empowered to order Campers to allow TCFC to repossess and replevin the Collateral.

## Prayers for Relief

WHEREFORE, TCFC respectfully prays that this Court:

1.     Issue a Temporary Restraining Order prohibiting Campers, Adventure, and Hirsch from (a) selling, conveying, transferring or encumbering the Collateral described in the Complaint, (b) from in any way damaging or altering the Collateral, (c) from moving the Collateral out-of-state; or (d) otherwise engaging in any conduct which would diminish the value of the Collateral.

2.     Issue a short order of notice.

3.     Issue a preliminary injunction compelling Campers, Adventure, and Hirsch to immediately re-deliver the Collateral described in the Complaint and listed in Exhibit E to TCFC or otherwise make the Collateral available for peaceful repossession, as called for in the Inventory Security Agreement and subject to the provisions of Mass. G.L. c. 106, §§9-503 and 9-504.

4.     Issue a permanent injunction pursuant to Count III, compelling Campers, Adventure, and Hirsch to re-deliver the Collateral described in the Complaint and listed in Exhibit E to TCFC or otherwise make them available for peaceful repossession, as called for in the Inventory Security Agreement and subject to the provisions of Mass. G.L. c. 106, §§9-503 and 9-504.

5.     Enter judgment in favor of TCFC against Campers under Count I in the amount of all damages sustained by TCFC, together with interest, costs, expenses, and attorney's fees.

6.     Enter judgment in favor of TCFC against Adventure World, Inc. as Guarantor under Count II in the amount of all damages sustained by TCFC, together with interest, costs, expenses, and attorney's fees.

7.     Enter judgment in favor of TCFC against David M. Hirsch as Guarantor under Count II in the amount of all damages sustained by TFCF, together with interest, costs, expenses, and attorney's fees.

8.   Award such further relief as this Court may deem just and appropriate.

> TRANSAMERICA COMMERCIAL
> FINANCE CORPORATION
> By its Attorneys,
>
> _____
> James A.G. Hamilton (BBO# 218760)
> Ronald J. Snyder (BBO# 638188)
> PERKINS, SMITH & COHEN, LLP
> One Beacon Street
> Boston, MA  02108
> (617) 854-4000

Dated: January 8, 2004

## VERIFICATION

I, Angela Chambers, am employed as a Key Account Analyst with the Plaintiff, TCFC, and as such have personal knowledge of the accounts, files and transaction records of the Defendants Campers Inn of Ayer, Inc., Adventure World, Inc., and David M. Hirsch with TCFC. I declare the foregoing statements to be true under the pains and penalties of perjury, except where stated to be on information and belief, and as to such statements, I believe them to be true.

Signed under the pains and penalties of perjury this 8th day of January, 2004.

_____
Angela Chambers
Key Account Analyst
TRANSAMERICA COMMERCIAL FINANCE CORP.

2848-104

7

8. Award such further relief as this Court may deem just and appropriate.

TRANSAMERICA COMMERCIAL
FINANCE CORPORATION
By its Attorneys,


_____
James A.G. Hamilton (BBO# 218760)
Ronald J. Snyder (BBO# 638188)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

Dated: January 8, 2004

## VERIFICATION

I, Angela Chambers, am employed as a Key Account Analyst with the Plaintiff, TCFC, and as such have personal knowledge of the accounts, files and transaction records of the Defendants Campers Inn of Ayer, Inc., Adventure World, Inc., and David M. Hirsch with TCFC. I declare the foregoing statements to be true under the pains and penalties of perjury, except where stated to be on information and belief, and as to such statements, I believe them to be true.

Signed under the pains and penalties of perjury this 8th day of January, 2004.

*Angela Chambers*
_____
Angela Chambers
Key Account Analyst
TRANSAMERICA COMMERCIAL FINANCE CORP.

2848-104

7